ORIGINAL
D&F
C/M
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 10 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
SINT, LLC

                Plaintiffs,

-against-

SLEEPY'S FURNITURE & MATTRESS CORP., I AM SLEEPY TOO CORP., NEW LINEN N THINGS II CORP. and JOHN DOES 1 - 10,

                Defendants.
----------------------------------x

**MEMORANDUM AND ORDER**

Case No. 09-CV-575 (FB) (CP)

*Appearances:*
*For the Plaintiffs:*
DAVID ELLIOT JACOBY, ESQ.
JUDITH ROTH, ESQ.
Schiff Hardin LLP
900 Third Avenue
28th Floor
New York, NY 10022

**BLOCK, Senior District Judge:**

    On February 11, 2009, plaintiff Sint, LLC ("Plaintiff") commenced suit alleging trademark infringement, false designation of origin, and dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), & 1125(c), as well as trademark infringement and unfair competition under New York common law. As defendants Sleepy's Furniture and Mattress Corp., I Am Sleepy Too Corp., and New Linens N Things Corp. II ("Defendants"), after being duly served, have failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #13 (Clerk's Entry of Default), the Plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

    A defendant's default is an admission of all well-pleaded allegations in the

complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The complaint alleges that (1) Plaintiff has valid marks that are entitled to protection under the Lanham Act, (2) Plaintiff's marks are famous, (3) Defendants used the marks to advertise and sell its goods and services without Plaintiff's consent, (4) Defendants used the marks after they became famous, (5) Defendants' use of the marks is likely to cause confusion in the marketplace for retail mattress sales as to the source and authority for offering such services, (6) Defendants' use of the marks dilutes the distinctive quality of the marks to identify and distinguish Plaintiff's goods and services, and (7) Defendants' use of the marks intended to confuse and deceive the consuming public.

These allegations – now deemed admitted – are sufficient to establish the essential elements of Plaintiff's claims of trademark infringement, false designation of origin, and dilution under the Lanham Act. *See Johnson & Johnson Consumer Companies, Inc. v. Aini*, 540 F.Supp.2d 374, 388 (E.D.N.Y. 2008) (listing elements necessary to prevail on claims under 15 U.S.C. §§ 1114 & 1125(a)); *Mashantucket Pequot Tribe v. Redican*, 403

F.Supp.2d 184, 192 (D. Conn. 2005) (listing elements necessary to prove dilution under 15 U.S.C. § 1125(c)). These same facts also suffice to establish Plaintiffs' claims for trademark infringement and unfair competition under New York common law. *See Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F.Supp.2d 448, 456 ($.D.N.Y. 2005)) ("It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims."). Thus, Plaintiff's motion for entry of a default judgment is granted.

Having established a violation of the Lanham Act, Plaintiff is entitled to some or all of the remedies it seeks under the Lanham Act and New York common law. The matter is referred to the assigned magistrate judge for a report and recommendation on the damages and injunctive relief to be awarded.

**SO ORDERED.**

S/FB
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 6, 2009

3